**Bruce WITHERSPOON,
Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 79–5410.

United States Court of Appeals,
Sixth Circuit.

Argued June 16, 1980.

Decided Oct. 31, 1980.

**1248**

Bernard S. Kahn, Remo Del Greco, Detroit, Mich., for petitioner–appellant.

James K. Robinson, U. S. Atty., Martin E. Crandall, James G. Genco, Detroit, Mich., for respondent–appellee.

Before EDWARDS, Chief Judge, and PHILLIPS and PECK, Senior Circuit Judges.

EDWARDS, Chief Judge.

Appellant Witherspoon appeals his conviction for receiving and possessing a firearm while a felon in violation of 18 U.S.C. §§ 922(h)(1), 924(a), Appendix § 1202(a)(1) (1976). The only issue presented is whether the trial court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure. Appellant asserts that the proceeding before the United States District Court for the Eastern District of Michigan was in effect a plea of guilty under which compliance with Rule 11 would clearly be required; the government argues that the proceeding was a trial in which the evidence of guilt was presented by stipulation and the only issue presented was the constitutionality of the statutes concerned as applied to the stipulated facts.

The record before us discloses that counsel for appellant and for the government stipulated the elements of the offense of possessing a firearm while a felon. It apparently was appellant's contention before the District Judge that the Second Amendment (which provides the right to bear arms) rendered unconstitutional a conviction based upon his possession of a firearm after having been convicted of a felony because he possessed it in his own place of business at the time he was arrested.

The District Judge's adverse ruling on this constitutional question is not disputed on appeal. Both appellant and his counsel argued with vigor, however, that the effect of this whole proceeding was a plea of guilty and that he should be accorded full compliance with Rule 11(a).

The operative facts of the case are provided by the stipulation which was entered in open court when the case was called for

trial and both sides had announced that they were ready. Before the stipulation was entered, the District Judge personally informed the appellant on the record that he was entitled to a trial by jury or by the Court. He also explained to appellant that by signing the waiver he was giving up his right to a trial. The colloquy between the District Judge and the defendant then continued as follows:

THE COURT: And has your attorney announced to you that he has admitted and stipulated to all of the elements of this offense?

DEFENDANT WITHERSPOON: Yes.

THE COURT: And he is questioning the constitutionality of the offense; in other words, it is an unconstitutional use of Federal power?

DEFENDANT WITHERSPOON: Yes, he did.

THE COURT: And is this agreeable with you?

DEFENDANT WITHERSPOON: Yes, it is.

THE COURT: And do you understand if the Court does determine that both of these statutes are constitutional, that you are to plead guilty?

DEFENDANT WITHERSPOON: Yes.

THE COURT: All right.

MR. HALL: Thank you, your Honor.

THE COURT: That is agreeable to you, is it?

DEFENDANT WITHERSPOON: Yes.

THE COURT: All right.

Thereafter counsel for the government and for appellant entered the stipulation and the Judge interrogated the defendant personally as to his understanding of an agreement with the procedure as follows:

THE COURT: (Interposing) You've got a stipulation. Is the stipulation on the record?

MR. CRANDALL: I am about to put it on. I wanted to put them in the right context, the stipulations.

THE COURT: All right, okay.

MR. CRANDALL: In the first count, defendant is charged with a violation of 18 United States Code Section 922(H)(1) which charges a convicted felon with knowingly having received a firearm which was shipped in interstate commerce.

Count two he is charged that on or about April 18, he knowingly possessed, as a convicted felon, a firearm which had travelled in interstate commerce in violation of Section 1202(A)(1) of the appendix to Title 18.

As indicated in chambers, the defendant is willing now to stipulate to his 1963 felony conviction for attempted armed robbery in Oakland County Circuit Court for which he was sentenced to two to five years.

He is also willing to stipulate that the weapon, which is a Charter Arms .38 caliber weapon, has travelled in interstate commerce, more specifically it was manufactured in the State of Connecticut, and no such weapons have ever been manufactured in the State of Michigan.

As to the settlement, the defendant admitted to three different witnesses that I was prepared to offer today, offer their testimony today, that he received the gun from one Henry Staton shortly prior to the time that he was found in possession of the weapon, which was April 18, 1978. Mr. Staton subsequently committed suicide.

THE COURT: Did he admit possession of the gun in Michigan?

MR. CRANDALL: Yes, he did. He admitted to possession of the gun in the State of Michigan, and received it from Henry Staton in Royal Oak.

THE COURT: All right.

MR. CRANDALL: As to the possession of the weapon on April 18, during a gambling raid by Michigan State Police Officers in conjunction with Royal Oak Police Officers, they went to Spoon's Soul Sound which was the defendant's place of business. In fact, he owned the business. That was Royal Oak Township, in the State of Michigan, and pursuant to the State warrant, at the time of the arrest of the defendant, they found in his pos-

session, more specifically in his right or his left rear pocket, the weapon in question, that is the .38 caliber Charter Arms revolver.

So that, basically—and I would be willing to offer the testimony of the two Michigan State Police Officers who were there at the time of the arrest and at the time of the seizure, and were eye witnesses to that event, and based on that foundation, the defendant is willing to stipulate to the felony conviction which applies to both counts, the interstate commerce element which applies to both counts, the receipt from Henry Staton which applies to count one and the possession on April 18, 1978 which goes to count two.

Your Honor, I would also indicate that these acts were done knowingly, that is he knowingly received the weapon from Henry Staton and he knowingly possessed the weapon on April 18, 1978.

I would ask defense counsel if he concurs?

THE COURT: Counsel, do you stipulate to those facts?

MR. HALL: We do stipulate to those facts.

THE COURT: You do?

MR. HALL: Yes.

THE COURT: And Witherspoon, do you stipulate that those facts are true and correct that have just been presented to the Court by the Government counsel?

DEFENDANT WITHERSPOON: Yes.

THE COURT: You say "yes"?

DEFENDANT WITHERSPOON: Yes.

THE COURT: All right.

MR. CRANDALL: Apparently the defendant now wants to attack the constitutionality of the statute.

I would like to put on the record my objection to this attack at this time, your Honor, because of timeliness. It is the type of matter that should have been raised at pretrial motions, two weeks prior to the time of arraignment.

THE COURT: Well, I realize that.

MR. CRANDALL: I defer to the Court's discretion. I am prepared to argue.

THE COURT: All right.

The parties then argued the constitutional issue and the District Judge ruled that the two statutes were constitutionally valid. As indicated above, no appellate issue is presented to this court concerning the only issue (constitutionality of the statutes) which was presented below.

Thereafter the District Judge concluded:

[S]ince the defendant has indicated to the Court that he has stipulated to all of the elements of the offense, and the stipulation of all of the elements to the offense constitutes what I would consider to be a person's guilt, I find the defendant guilty of the charge contained in both counts and I will refer the matter to the Probation Department.

The proceedings above occurred on September 11, 1979. On November 9, 1979, Judgment was entered reciting a plea of "not guilty," a finding by the court of "guilty as to Counts 1 and 2" and a sentence of two years on each count with the sentences to run concurrently.

Rule 11 provides:

(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

(2) if the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and

(3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him,

and the right not to be compelled to incriminate himself; and

(4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and

(5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

(d) Insuring That the Plea is Voluntary. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.

\* \* \* \* \* \*

(g) Record of Proceedings. A verbatim record of the proceedings at which the defendant enters a plea shall be made and, if there is a plea of guilty or nolo contendere, the record shall include, without limitation, the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and the inquiry into the accuracy of a guilty plea. Fed.R.Crim.P. 11(c), (d) & (g).

It is obvious that the District Judge did not comply with all of the Rule 11 provisions set forth above.

This does not, however, end the matter. Appellant, as we read him, goes beyond his stated question and argues that the District Judge should have followed the provisions of Rule 11 because the stipulation had the practical effect of a guilty plea. He notes that the District Judge employed guilty plea language in advising the appellant of the stipulation's effect in the event his constitutional argument failed.

We observe that Rule 11 does not by its terms apply to this case. Appellant did not offer a plea of guilty and indeed a plea of "not guilty" was entered. The District Judge's "guilty" verdict was entered after the District Judge had heard argument from both counsel on appellant's contention that the Second Amendment afforded him protection from the federal firearms statute because he was on his own business premises. There is, of course, no such specific proviso in the Second Amendment nor is there any Supreme Court interpretation to that effect; and the District Judge entered a finding of guilty.

Like the courts which have considered this problem before, we do not wish to lay down a rule which would require the full application of Rule 11 on every occasion in a contested case where a stipulation of one or more facts is tendered. Nor do we wish this court or the district courts in this circuit to be insensitive to the values which Rule 11 protects when accepting a stipulation such as this one which serves to waive trial of all elements of the crime charged and to submit for adjudication only a legal argument on failure of which a guilty finding would result.

Three courts of appeals have considered the basic issues with which we grapple. In each case, the judgment of conviction was affirmed. *United States v. Wray*, 608 F.2d 722 (8th Cir. 1979), *cert. denied*, 444 U.S. 1048, 100 S.Ct. 739, 62 L.Ed.2d 735 (1980); *United States v. Strother*, 578 F.2d 397 (D.C.Cir.1978); *United States v. Terrack*, 515 F.2d 558 (9th Cir. 1975).

We are particularly impressed with and we adopt the views expressed by Judge McGowan for a panel in the Court of Appeals for the D.C. Circuit.

Although neither the literal terms of Rule 11 nor our *ad hoc* implementation of the principles underlying it in *Brown* warrant our reversal of appellant's conviction in this case, we have a continuing

concern with cases like this where it seems reasonably clear that appellant, and certainly his counsel, realistically viewed their hope of success as mainly residing in an appellate reversal of the trial court's denial of the pretrial motion to suppress. Although the acceptability to them of a trial to the court on stipulated evidence cannot in law be equated with a guilty plea, in these circumstances the prospects of victory at trial, as distinct from prevailing on appeal with respect to a legal point, were, at best, obscure.

It would appear, therefore, that waiver of jury trial in this context is freighted with what is perhaps more than ordinary significance, and the trial judge should arguably be at some special pains to satisfy himself that the defendant is fully informed about precisely what it is that he is giving up. One way of doing that would be to take heed of at least some of the advices enumerated in Rule 11(c). Not all of those are relevant or appropriate, and adaptation would be necessary, but some would be helpful in impressing upon defendant the significance of the choice he has purportedly made.[6]

[6] On the record before us, paragraphs (4) and (5) of Rule 11(c) would be irrelevant. The first three items of that rule would, however, be useful, and especially paragraph (3) with its explicit statement of the rights which accompany trial by jury.

Some effort by trial judges along these lines would not only eliminate appeal issues of the kind we now confront, but could also usefully provide a basis for the rulemaking machinery of the federal court system to consider, against a background of some experience, the formulation of a rule addressed explicitly to this phenomenon, which is a frequently recurring one. As the Government observed in its brief on this appeal (p. 17), it is "obviously preferable to have a procedure which would show clearly that a defendant understands the consequences of a stipulated trial . . . ."

*United States v. Strother,* 578 F.2d 397, 404–05 (D.C.Cir.1978).

* This appeal was originally decided by unreported order on July 29, 1980. See Circuit Rule 35.

 While we cannot appropriately find reversible error in the record currently before us, we suggest to the District Courts that they consider the possible applicability of the terms of Rule 11 in any instance where a stipulation as to most or all of the factual elements necessary to proof of guilt of a crime is tendered. If applicable, the strictures of the rule should be followed.

We do not apply this logic to reverse this case for several reasons. First, Rule 11 by its terms does not apply to the facts of this case and the District Judge had a right to rely on the language of the Rule. Second, this Circuit has never previously required the consideration of Rule 11 in a trial involving presentation of a stipulation of facts concerning all or most of the elements of a crime. Third, and finally, our review of this entire record convinces us that no prejudice of any kind resulted to appellant from the District Judge's failure to give all of the Rule 11 warnings.

The judgment of conviction is therefore affirmed.