UNITED STATES, Appellee,

v.

**Fred STALDER, Appellant.**

No. 82–1835.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1982.

Decided Dec. 21, 1982.

George W. Proctor, U.S. Atty., Don N. Curdie, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Robert C. Evenstad, Sandstone, Minn., for appellant.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

ARNOLD, Circuit Judge.

Fred Stalder appeals pro se from the District Court's[1] denial of his § 2255 motion to vacate his sentence. He claims that his conviction, which was based on a stipulated set of facts, was invalid because he was not given the full Fed.R.Crim.P. 11 procedure required for the entry of a guilty plea. The District Court disagreed and dismissed Stalder's § 2255 petition. We affirm.

## I.

Appellant was charged with conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a) and 846. Stalder entered a plea of not guilty and subsequently filed several pretrial motions to suppress evidence allegedly obtained in violation of his constitutional rights. These motions were denied. In the meantime, one of Stalder's codefendants had agreed to testify for the Government.

■ At this point, appellant entered into a stipulation of facts with the Government in which he agreed that the facts of the case were exactly as charged in Count I of the indictment. The stipulation further provided that Stalder waived his right to a jury trial but retained his right to appeal from the District Court's denial of his pretrial motions. The parties understood that defendant was stipulating to every fact alleged in the indictment, thereby effectively admitting his guilt, rather than pleading

guilty, in order to preserve his right to appeal the denial of the pretrial motions.[2]

At the hearing to secure the District Court's approval of the submission of the case on stipulation, both the Court and counsel for the defense questioned appellant and his codefendants in open court to ensure that they were acting voluntarily and intelligently in agreeing to a stipulated trial. The following colloquy occurred:

COUNSEL: I would like to put our clients on the stand.

THE COURT: Yes. I would like for each one—it's not necessary to put them on the stand. If they'll just stand and raise their hand and be sworn to tell the truth, and then you ask them if they understand the stipulation they're willing to sign. [Defendants sworn.]

. . . . .

COUNSEL: Each of you has heard the stipulation that the United States Attorney read. Is that correct?
(Each defendant responded in the affirmative.)

COUNSEL: You understand now by that stipulation that you are, in effect, stipulating that if the trial were held that the jury would find against you and you would be found guilty of Count I of the indictment. You understand that?
(Each defendant responded in the affirmative.)

COUNSEL: And you are stipulating to the other things in here, that the jury trial is waived? Do each of you agree to waive a jury trial in this case?
(Each defendant responded in the affirmative.)

COUNSEL: You do?

THE COURT: Let the record show all of the defendants answered yes.

---

1. The Hon. Elsijane T. Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

2. Because appeals after guilty pleas are not permitted in this Circuit, see *United States v. Clark,* 459 F.2d 977, 978–79 (8th Cir.1972), de-

fendants who desire to preserve their right to appeal rulings on pretrial motions must stand trial. Rather than going through the motions of a complete trial, defendants can stipulate to all the facts contained in the charging instrument and waive jury trial.

COUNSEL: Do each of you agree for the purpose of this stipulation that the facts set out in Count I in the indictment are true?

.        .        .        .

THE COURT: Mr. Fred Stalder.
MR. STALDER: Yes, Your Honor.

.        .        .        .

COUNSEL: And do each of you understand that by entering this stipulation you still have preserved any right to appeal from any previous ruling of the Court?
(Each defendant responded in the affirmative.)

Once the Court was satisfied appellant understood the consequences of his jury-trial waiver and stipulated trial, the Court accepted the stipulation, and both appellant and his attorney signed it. The Court then immediately found appellant guilty beyond a reasonable doubt, later sentencing him to four years' imprisonment and fining him $4,000.00. This Court affirmed the conviction on direct appeal. *United States v. Stalder,* 636 F.2d 1224 (8th Cir.1980), *cert. denied,* 450 U.S. 921, 101 S.Ct. 1370, 67 L.Ed.2d 349 (1981).

Appellant argues that his stipulation to every fact contained in the indictment against him was the functional equivalent of a guilty plea, and that therefore the District Court was bound to observe the spirit, if not the letter, of Fed.R.Crim.P. 11. He claims that while he understood he was giving up his right to a jury trial, he was nevertheless "under the impression that he would be undergoing a form of bench trial, with a meaningful hearing, rather than what in essence was a defacto [sic] plea of guilty."

Stalder concedes that he was not entitled to the full array of Rule 11 warnings, but he vigorously maintains that the District Court should have conducted at least a minimal inquiry into what he calls the "core requirements" of Rule 11: understanding of the nature of the charge, the absence of coercion, and knowledge of the direct consequences of the plea. See *United States v. Dayton,* 604 F.2d 931, 939 (5th Cir.1979). Appellant asserts that had he known that by agreeing to a stipulated trial he would not receive a subsequent bench trial with an opportunity to be heard, he never would have consented to the stipulated trial.

In dismissing appellant's § 2255 motion, the District Court relied on the decisions of this Court in *United States v. Wray,* 608 F.2d 722, 724 (8th Cir.1979), *cert. denied,* 444 U.S. 1048, 100 S.Ct. 739, 62 L.Ed.2d 735 (1980), and *United States v. Lawriw,* 568 F.2d 98, 105 n. 13 (8th Cir.1977),[3] and the plain language of Rule 11, which makes no mention of stipulations. The Court concluded that "its questioning of the defendant in open court was sufficient to ensure that his agreeing to the stipulation was done intelligently and with full knowledge of the consequences." *Stalder v. United States,* Nos. LR–CR–80–8–4 and LR–C–82–322, slip op. p. 3 (E.D.Ark. June 21, 1982). In support of this conclusion, the Court found that appellant was told that if he signed the stipulation, he would be waiving his right to a jury trial, admitting that every fact in the indictment was true, agreeing that if a jury trial were held the jury would find him guilty, and retaining the right to appeal only the pretrial motions. *Id.* at 4. In addition, the Court

---

**3.** *Lawriw* involved a case tried to the district court without a jury on stipulated facts for the purpose of preserving the defendants' right to appeal the denial of several pretrial motions. Appellant in that case alleged that the trial court erred in not treating the stipulation as a guilty plea and complying with the requirements of Rule 11. This Court noted the difference between stipulations and pleas of guilty and held that "[a]n inquiry as thorough as that prescribed by Fed.R.Crim.P. 11 is not required before the district court accepts a stipulation of facts establishing guilt from a criminal defendant." 568 F.2d at 105 n. 13 (citing *United States v. Terrack,* 515 F.2d 558, 560 (9th Cir. 1975); *United States v. Brown,* 428 F.2d 1100, 1103 (D.C.Cir.1970)). This Court then found that the trial court and the government's attorney had sufficiently informed appellant of the rights she was surrendering by signing the stipulation. This Court's opinion in *Lawriw* did not set out what the trial court or the government's attorney told appellant.

observed that neither appellant nor his attorney objected to any aspect of the stipulation. Finally, the Court pointed out that an affidavit filed in this cause by appellant's trial counsel revealed that his attorney had warned him that if the appeal on the pretrial motions was unsuccessful, he would have to serve whatever prison sentence the judge gave him. Based on all these circumstances, the District Court held that appellant acted knowingly and voluntarily in agreeing to the stipulation.

## II.

█ In *United States v. Lawriw, supra,* 568 F.2d at 105 n. 13, we rejected the same contention made by appellant here. We held that "[a]n inquiry as thorough as that prescribed by Fed.R.Crim.P. 11 is not required before the district court accepts a stipulation of facts establishing guilt from a criminal defendant." The question rather is whether the defendant was sufficiently addressed "as to the rights that she surrendered as a result of signing the stipulation." *Lawriw* establishes the law of this Circuit, and the District Court was correct in relying on it.

With perhaps one exception, the other courts of appeals that have addressed the issue have reached the same conclusion. See *Witherspoon v. United States,* 633 F.2d 1247 (6th Cir.1980); *United States v. Strother,* 578 F.2d 397 (D.C.Cir.1978). The District of Columbia Circuit has suggested that Rule 11 procedures may be required if a stipulation effectively admits guilt and waives trial on all issues, *United States v. Lawson,* 682 F.2d 1012, 1015 (D.C.Cir.1982), but even that court has not squarely so held. Cf. *Cox v. Hutto,* 589 F.2d 394, 395–96 (8th Cir.1979), in which a state-court conviction was set aside because based on a stipulation that was the functional equivalent of a guilty plea, but which had been entered into without the knowledge and consent of the defendant.

█ The important question is whether the defendant knew what he was doing when he entered into the stipulation. The portion of the transcript quoted above leaves us in no doubt as to this issue. The defendant was represented by counsel, and the District Court took care to determine whether the defendant understood the stipulation and really wanted to agree to it. The claim that the defendant thought that he was waiving only a jury trial, and that some kind of court trial would still take place, is simply untenable on the face of the record. The colloquy as a whole reflects clearly not only that a jury trial was waived, but that no trial at all would take place, since the defendant was agreeing to the truth of all of the facts that the government would need to prove if there were a trial.

It may be true that a stipulation to the truth of all of the facts alleged in the indictment is, in many respects, the functional equivalent of a guilty plea. There are differences, though, and they are not completely formal. The major difference, already referred to, is that a defendant who is convicted on stipulated facts has a right to appeal, while a defendant convicted on a plea of guilty does not. In addition, a defendant convicted on stipulated facts could also make a motion in arrest of judgment, claiming, for example, that the indictment had failed to state an offense. A guilty plea, on the other hand, would waive such a point.

All of this is not to say that the district courts must not take care to determine that stipulations by defendants, particularly stipulations that leave no issue of fact to be tried, are voluntarily and intelligently entered into. A careful inquiry on the record should affirmatively show that the defendant knew what he was doing and understood the consequences of his stipulation. We are persuaded that the District Court in this case fully complied with this duty, and the judgment dismissing the defendant's § 2255 petition is therefore

Affirmed.

It is so ordered.