**Felipe BONILLA ROMERO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil No. 89–0304 (PG).**
**Crim. No. 89–0083 (PG).**

United States District Court,
D. Puerto Rico.

Oct. 23, 1990.

A.J. Amadeo Murga, Santurce, Puerto Rico, for petitioner.

Juan A. Pedrosa, Asst. U.S. Atty., Hato Rey, Puerto Rico, for respondent.

---

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

The United States Court of Appeals for the First Circuit has remanded the instant case to this court with instructions to consider the effect that its decision in *United States v. Lyons*, 898 F.2d 210 (1st Cir.1990) may have with regard to the proceedings which led to petitioner Felipe Bonilla Romero's convictions in 1986. Finding fundamental compliance with the *Lyons* doctrine, we allow the convictions to stand.

### I

*Procedural History*

On February 19, 1986 petitioner Felipe Bonilla Romero was indicted by a federal Grand Jury on two counts of narcotics violations and three counts of receiving or carrying firearms. In related proceedings in the local courts the defendant had filed a motion for the suppression of evidence, the local trial court had granted the motion, and that jurisdiction's highest tribunal had upheld the lower judge's decision. A similar motion filed before this court, however, did not encounter similar fate. This fact notwithstanding, petitioner relied on the same strategy he utilized in the local courts and on the trial date of December 16, 1986 he waived his right to a jury trial, agreed to a stipulation as to what the government's witnesses would say were they to be called to testify, and reserved his right

to appeal this court's denial of his motion for suppression. In the words of the Circuit Court, however, "although immediately prior to accepting the stipulation [this] district court made a comprehensive inquiry into the knowing and voluntary character of defendant's waiver of jury trial, [it] did not address the defendant personally regarding his assent to the stipulation." *Bonilla Romero v. United States*, 907 F.2d 143 (1st Cir.1990) (per curiam). After evaluating the evidence, this court found the defendant guilty of counts one, two, three and five of the indictment. Defendant's subsequent exercise of his reserved right proved to be unsuccessful, as the First Circuit Court of Appeals affirmed his conviction in *United States v. Bonilla Romero*, 836 F.2d 39 (1st Cir.1987).

On March 9, 1988 petitioner filed a motion to vacate the sentence under 28 U.S.C. Sec. 2255. Citing *United States v. Lyons*, supra, he claimed that the stipulation was tantamount to a guilty plea and that, consequently, the Court was required to make Rule 11 inquiries of defendant before accepting the stipulation. Rule 11, of course, requires the trial court, before accepting a plea of guilty, to specifically advise the defendant of his rights, the nature of the charges against him, and the consequences of his act. Fed.R.Cr.P. 11(c). *Lyons*, on the other hand, while not mandating Rule 11 inquiries when a stipulation of facts upon which a guilty finding could be made is submitted, does require that the Court satisfy itself that the defendant has accepted the stipulation freely and with knowledge of the consequences of what he is doing. Additionally, defendant alleged that he was denied effective assistance of counsel given the facts that he did not consent to the stipulation and that he did not understand the constitutional rights he waived through it. Relying on the U.S. magistrate's report and recommendation, however, on December 8, 1989 we dismissed the motion without the need for a hearing. Petitioner, displeased with our treatment of the matter, appealed.

In its per curiam opinion of June 29, 1990, the Appellate Court found that *Lyons* required that defendant's Rule 11 argument and, consequently, his ineffective assistance of counsel claim, should be the subject of further probe. Specifically, the Court directed us to consider, first, what effect, if any, is to be given to the distinction drawn by some courts between stipulations that go to what the government's witnesses would say if they testified and stipulations that go to the truth of that testimony. Secondly, we must consider just what sort of inquiry is required under *Lyons* given the nature of the stipulations in this case. Thirdly, we had to examine whether the extensive colloquy we maintained with the defendant concerning his related waiver of a jury trial was adequate, under all the circumstances, to satisfy the court that the defendant had also consented to the stipulations freely and voluntarily. As an afterthought, the Court additionally instructed us that reliance could not be placed solely on counsel's undertaking that defendant accepted the stipulation, or on defendant's failure to object, to satisfy ourselves that defendant in fact consented to the stipulation knowingly and voluntarily.

Pursuant to First Circuit instructions, on August 30, 1990 the Court held an evidentiary hearing in which both the defendant and his trial attorney testified and the following facts were established. Defendant conceded that, having faced similar charges in the local courts, he had been fully familiar with the charges against him and with the circumstances and consequences of a trial by jury. He had discussed with his attorney the pros and cons of waiving his jury trial and the advantages and disadvantages of being tried by the Court, had been personally addressed by the Court regarding this matter, and was therefore not contesting that he had intelligently waived that right. Perhaps most importantly, however, defendant candidly admitted that waiving his right to a jury trial and agreeing to be tried by the Court on the basis of stipulations, while at the same time reserving his right to appeal from our previous denial of his motion to suppress, was precisely the legal strategy that he and his trial attorney had discussed and agreed to

as the most advisable course to be followed in his defense.

Defendant's trial counsel, on the other hand, testified that he had explained to his client the nature, consequences, and differences between a conditional guilty plea, a trial by stipulation and a full-blown jury trial, as well as the possibilities of appeals from each one.[1] He added that on two occasions he had been close to signing plea agreements which would have preserved his client's right to appeal from this Court's denial of his motion to suppress but on both occasions the agreements were not approved, hence their decision to proceed with a trial by stipulation. He further stated that he had explained to the defendant that a proffer of the evidence by the government did not constitute an admission of the truth but only a summary of what their witnesses would say if called to the stand, that he had summarized to the defendant the content of their testimony, and that he had explained to the defendant that since it contained all the elements of the offense the Court could possibly find him guilty on the basis of the stipulated testimony alone. The defendant, of course, was also familiar with the government witnesses' testimony as it had been the same one which had been offered before the local courts. Both he and his client were of the opinion that their chances on appeal were strong given the facts the Puerto Rico Supreme Court had handed down an opinion upholding the lower local judge's grant of their motion to dismiss and that they had reason to believe that some of the government's witnesses were perjured. Finally, he testified that he had discussed their trial strategy with his client and his client's previous counsel on several occasions and that it had been his client who, after listening to his professional opinion, had taken the final decision to proceed by trial by stipulation. His client's main concern, he concluded, had been with preserving his right to appeal from this Court's denial of his motion to suppress.

## II

*Argument*

We must begin, of course, with a closer look at precisely what it is that *United States v. Lyons*, 898 F.2d 210 (1st Cir.1990) stands for. There, appellant had signed a stipulation of facts and expressly waived his right to a trial by jury before the district court. The trial judge did inquire into defendant's understanding of the effects of the stipulation and his jury waiver, specifically asking him whether he understood that the Court could decide the case and find him guilty of all charges of the indictment on the basis of the stipulations. After the Court found him guilty on all counts, defendant filed a motion for a new trial, arguing that "a full blown inquiry under Fed.R.Cr.P. 11(c)(3) was required as a matter of law to determine whether his waiver was voluntary and knowing because his trial by stipulation was equivalent to a guilty plea." 898 F.2d at 214.

The Court of Appeals did not agree. Noting that trial stipulations can "run the gamut from modest accommodations designed to avoid unnecessary consumption of time ... to agreements which are the functional equivalent of a guilty plea" and that other circuits had been reluctant to mandate a complete Rule 11 inquiry even when faced with pretrial stipulations containing all the facts necessary for a guilty finding, the First Circuit also declined to extend the proscriptions of Rule 11 to cover trials by stipulations. 898 F.2d at 214–215. Our Appellate Court found the position adopted by the District of Columbia Circuit in *United States v. Strother*, 578 F.2d 397

---

1. After its 1983 amendments, Fed.R.Cr.P. 11(a)(2) allows a defendant to submit a conditional plea of guilty, reserve his right to appeal an adverse determination of a pre-trial motion, and withdraw the plea if he prevails on appeal. That provision, however, requires the approval of the Court and the consent of the government before the conditional guilty plea can be entered. In cases where those conditions are not met, a defendant (in order to preserve his right to appeal from, among other things, a pre-trial ruling or a question of sufficiency of the evidence) can elect to proceed by trial by stipulation. *See Lyons*, 898 F.2d at 214 n. 5. Through a plea of guilty, of course, a defendant effectively waives his right to appeal from his conviction on nonjurisdictional grounds.

(D.C.Cir.1978), to be particularly persuasive and, like the *Strother* Court, set out to determine whether the trial "judge took special pains to satisfy himself that the waiver was knowing and voluntary to impress upon the defendant the significance of" his choice and whether the defendant "satisfied the judge that he understood the nature and scope of his stipulation." 898 F.2d 215. While suggesting that Rule 11 inquiries are recommendable when a trial stipulation contains all the facts necessary for a guilty finding, the Court nevertheless concluded that such an inquiry is not required and that what is required is that the court "conduct a colloquy with the defendant sufficient to demonstrate that the defendant has executed the stipulation freely with knowledge of the consequences of what he is doing." 898 F.2d 216.

Clearly, the *Lyons* Court had no occasion to consider whether the fact that a defendant had stipulated as to what the witnesses would say if called to testify and not as to the truth of their testimony would somehow have influenced its holding in that case. For some insight into that question we must turn to the District of Columbia Circuit's opinions in *Strother* and *United States v. Lawson*, 682 F.2d 1012 (D.C.Cir. 1982), and the Seventh Circuit's decision in *United States v. Schmidt*, 760 F.2d 828 (7th Cir.1985).[2]

In *Strother*, the defendant filed motions to suppress and adversary hearings were held regarding the same. The motion was denied, jury trial was waived in accordance with the provisions of Fed.R.Cr.P. 23(a), facts were stipulated for trial, and the critical testimony as to possession given by a police officer at the evidentiary hearing was stipulated as incorporated in the trial record by reference. Relying on the facts that "the defendant had never stipulated to

the truth of the ... testimony" and that the "trial court could not have found guilt without passing upon the stipulated testimony," the Appellate Court found that "there was no equivalence to a guilty plea" which would have "required the further advices mandated by Rule 11." 578 F.2d at 404.

Faced with a similar factual scenario, in *United States v. Lawson*, 682 F.2d 1012 (D.C.Cir.1982) the Circuit Court noted that Rule 11 inquiries are only required when a defendant has effectively "admitted his guilt and waived trial on all issues," a condition which the Court concluded was not met by defendant's agreement to proceed to trial by stipulation. In cases, such as the one under its consideration, where the stipulation was only as to what the evidence would have been had certain witnesses testified, where no stipulation as to the veracity of the testimony, the fact of possession, or the element of intent were made, and where it remained for the court to decide, on the basis of the stipulated record, whether the defendant was guilty as charged, the Court held that no Rule 11 inquiries were required. 682 F.2d 1015.

Similarly, in *United States v. Schmidt*, 760 F.2d 828 (7th Cir.1985) the defendant moved to suppress evidence against him and, after his efforts proved unsuccessful, he submitted the case to the district court for decision solely on the basis of extensive stipulations of fact. The district judge's inquiry into defendant's understanding of the effect of the stipulation was limited to asking him whether "[he had] now decided to let the case be decided ... on the basis of the stipulation ...?" 760 F.2d at 835. On appeal, the Circuit Court rejected defendant's contention that, the stipulations being the functional equivalents of guilty pleas, the district court should not have

**2.** We note in passing that some courts have upheld convictions based on stipulations containing all the elements of the crime charged and going to the truthfulness of the facts presented, but where the trial judges' examinations of the defendants were limited to determining whether they were entering into the stipulations knowingly and voluntarily without regard for whether they understood the nature of the charges against them or the rights they

had waived, *see*, e.g., *United States v. Schuster*, 734 F.2d 424 (9th Cir.1984), *United States v. Stalder*, 696 F.2d 59 (8th Cir.1982), *Witherspoon v. United States*, 633 F.2d 1247 (6th Cir.1980). Still others have upheld them in cases where the trial judges did not even advise the defendants of the effects of the stipulation, let alone impart anything resembling the inquiries of Rule 11, *see*, e.g., *United States v. Robertson*, 698 F.2d 703 (5th Cir.1983).

accepted them without conducting an inquiry substantially similar to that required by Rule 11. Finding the language employed by the Appellate Court to characterize the situation and support its holding particularly accurate, we cite it *ad verbatim*:

> The stipulations were simple narratives, and largely testimonial. They stated facts to which the government's witnesses would have testified had they been called, with no stipulation as to the truthfulness of the testimony. There was no stipulation as to intent. *The district court was merely asked to decide the case on the basis of an agreed statement of facts; the legal inferences remained to be drawn.*

*United States v. Schmidt*, 760 F.2d at 834 (emphasis supplied).

As these cases betoken, significant differences exist between stipulations which admit the truthfulness of the facts presented and stipulations which merely concede that had a witness been called to the stand he or she would have testified along a particular line. Courts have traditionally relied on the facts that the essential elements of the offense (such as possession or intent) have not been stipulated, that legal inferences (which could go either way) are yet to be drawn, and that the court would still have to pass upon the stipulated testimony (which it could believe or disbelieve) to find a defendant guilty or decide a case, to hold that these types of stipulations might require a different treatment from those which leave no question as to the truthfulness of the facts presented. It deserves mention that some courts have even gone as far as to hold that under these circumstances no Rule 11 inquiries need be given.

■ While these cases might provide some welcomed insight into the matter, our primary concern is, of course, with what our Appellate Court's position on the subject would be. In this spirit, we note that when the First Circuit was confronted with a situation analogous to the ones presented in the cases which have been outlined above, its emphasis was not on the extent to which the defendant had relieved the government of its burden of proving the elements of the offense, but, rather, on whether the stipulations "contain[ed] all the facts necessary for a guilty finding." *Lyons*, 898 F.2d at 215 and 216.[3] We believe it to be beyond peradventure that even a stipulation as to what the government's witnesses would say can have all the elements necessary to find a defendant guilty of a particular offense, thus placing it within the precincts which *Lyons* patrols. However, although our Appellate Court had no occasion to consider it, it can also not be seriously disputed that a stipulation of this nature differs in significant ways from one that admits the truth of the stipulated facts, specially if we add to the equation the fact that a defendant can and generally does expect the trial judge to disbelieve some of the government's witnesses and find that the elements of the offense have not been established. In other words, even if based on stipulated facts, a "trial" always takes place. Hence, we are of the opinion that a compromise must be reached which would take into account both considerations. To that end, we hold that, even in cases where stipulations as to what the government's witnesses would say which additionally contain all the facts necessary for a guilty finding are submitted, the court must also conduct an inquiry of the defendant to determine "that the defendant has executed the stipulation freely and with knowledge of the consequences of what he is doing," *Id.* However, given the fact that the stipulation is admittedly of a less serious nature, the

---

**3.** This aspect of our analysis can be understood best if we consider the following. Take, for example, a drug case in which the defendant has agreed to stipulate the testimony of the chemist to the effect that the substance seized from him was in fact cocaine. Clearly, through this stipulation the defendant is accepting the truthfulness of the witness's testimony, but no one would seriously argue that Rule 11 inquiries are required when one or two stipulations of this nature are submitted. Ergo our conclusion that *Lyons* turns on whether the stipulations contain all the elements necessary for a guilty finding and not on whether or not they accept the truthfulness of the stipulated facts.

degree to which the court must interrogate the defendant need not be the same. As long as, along with the court's inquiry of the defendant, the record reflects factors which could have reasonably led the trial court to conclude that the defendant was fully informed about precisely what it was he or she was giving up, we believe the principles of *Lyons* have not been marred.

■ In light of *Lyons*, our responsibility now, as it was during the proceedings leading to Bonilla Romero's convictions, is to satisfy ourselves that the defendant had entered into the stipulations knowingly, voluntarily and fully informed about precisely what it was that he was giving up. *See also United States v. Stalder*, 696 F.2d 59, 62 (8th Cir.1982) ("The important question is whether the defendant knew what he was doing when he entered into the stipulation") (cited in *Lyons* ). To that end, we note that, as his testimony at the August 30 hearing attests, the fact that the defendant in this case was following precisely the same strategy he had followed in the local courts supports the conclusion that the defendant consented to the stipulations freely, voluntarily and fully aware of the consequences of his act. As noted above, defendant admitted that agreeing to a trial by stipulation and waiver of his right to a jury trial, while at the same time making sure that his right to appeal from our previous denial of his motion to suppress was reserved, was precisely the legal strategy that he and his trial attorney had discussed and agreed to as the most advisable course to be followed in his defense. Having followed the strategy before, the defendant was naturally fully aware of the advantages and disadvantages, the strong points and shortcomings, and the overall probabilities of the strategy he had chosen to follow. As is clearly apparent from his and his trial attorney's testimony at the August 30 hearing, he was fully aware of the differences between trial by jury, trial by stipulation, and their respective avenues of appeal; was familiar with the content of the government witnesses' testimony, which he had heard at least once before in the proceedings in the local courts; was mindful of what the government's proffer of evidence entailed, as well as of the fact that the Court could find him guilty on the basis of the stipulations alone since they contained all the elements of the offense; and, finally, made his decision to proceed to trial by stipulation only after extensive consultation with his attorneys. The fact that the Puerto Rico Supreme Court had upheld a lower judge's grant of an identical motion for suppression, which was of course known to the defendant, undoubtedly made his decision an intelligent and appealing one. All circumstances considered, then, defendant clearly knew that his game plan called for the acceptance of the government's version of the facts and that its success depended on whether this court would accept the legal arguments he had presented in his motion to suppress. In fact, it was not in defendant's best interests to impeach the government witnesses' testimony, since the arguments he presented in his motion for suppression relied on the facts he had agreed to stipulate. Finally, we note that, notwithstanding the fact that the First Circuit admonished us that the fact that we inquired adequately into the voluntary and knowing nature of his jury waiver is insufficient to establish conclusively that his assent to the stipulation was voluntary, we believe it is appropriate to state that it does provide some indication as to the voluntary and knowing nature of defendant's actions at the time. Thus, our inquiry is satisfied: the defendant no doubt "knew what he was doing when he entered into the stipulation," *Stalder*, supra, or, put another way, he "executed the stipulation freely with knowledge of the consequences of what he was doing," *Lyons*, supra. We conclude, then, the fact that defendant was fully aware of the rationale behind his trial strategy, coupled with the fact that the court did inquire into the voluntary and knowing character of his actions at the time it addressed his waiver of his right to a jury trial, render his convictions fully consistent with the thrust of the *Lyons* decision.

■ As for defendant's claim of ineffective assistance of counsel, we believe the foregoing discussion demonstrates that

**38**

counsel's trial strategy was not only "within the range of competence demanded of attorneys in criminal cases," *Acha v. United States*, 910 F.2d 28, 32 (1st Cir.1990), *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970), but probably one of the most advisable and serious alternatives defendant could have followed in the instant case. Thus, we also conclude, without need to elaborate, that defendant's claim of ineffective assistance of counsel has no merit on which to stand.

### III

*Conclusion*

In view of the foregoing, we hold that the proceedings leading to Felipe Bonilla Romero's convictions in 1986 were wholly consistent with the principles subsequently enunciated by the First Circuit in the *Lyons* case. This being so, defendant's ineffective assistance of counsel claim must also be dismissed.

WHEREFORE, petitioner's 28 U.S.C. Sec. 2255 motion is DISMISSED.

IT IS SO ORDERED.

