# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1250

_____

United States of America,

        Appellee,

v.

Israel Solano,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Northern District of Iowa.
\*
\*      [UNPUBLISHED]
\*

_____

Submitted: October 4, 2001
Filed: October 10, 2001

_____

Before BOWMAN, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

Israel Solano appeals the sentence the district court imposed upon his guilty plea to a conspiracy involving drug trafficking. On appeal, counsel has moved to withdraw and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he argues Solano's stipulation to his total offense level was not knowing and voluntary. Solano assured the district court judge in open court that he understood the stipulation, that he already had an adequate opportunity to discuss it with counsel, and that he wanted to be bound by the stipulation. We conclude the stipulation was voluntary. See United States v. Stalder, 696 F.2d 59, 62 (8th Cir. 1982); cf. Blackledge v. Allison, 431 U.S. 63, 74 (1977) (holding that declarations in open court

carry a strong presumption of truth).  Thus, Solano cannot now challenge his total offense level on appeal.  See United States v. Hawkins, 215 F.3d 858, 860 (8th Cir.), cert. denied, 531 U.S. 972 (2000); United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995).

We have reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), and find no nonfrivolous issues.  Accordingly, we affirm and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.