### FOGUS v. UNITED STATES.

### FINK et al. v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
July 15, 1929.

Nos. 2866, 2867.

98

J. Raymond Gordon, of Charleston, W. Va., for appellants.

Edmund Marshall, Asst. U. S. Atty., of Huntington, W. Va. (James Damron, U. S. Atty., of Huntington, W. Va., on the brief), for the United States.

Before NORTHCOTT, Circuit Judge, and SOPER and HAYES, District Judges.

PER CURIAM. The appellants in the two cases, Fogus in the one case and Fink and Jack in the other, entered pleas of guilty in the court below to indictments charging in the first count violation of the National Prohibition Act (27 USCA) and in the second and third counts violation of section 3296 R. S. U. S. (26 USCA § 404). Fogus entered his plea on the 22d day of November, 1928, and Fink and Jack on the 23d day of November, 1928.

Fogus was fined $200 and sentenced to two years and six months' imprisonment in the United States Penitentiary at Atlanta. Fink was fined $200 and sentenced to imprisonment in the United States Penitentiary at Atlanta for three years. Jack was also fined $200 and sentenced to imprisonment in the United States Penitentiary at Atlanta for three years. Judgments were entered on the same day the pleas were taken.

On the 12th day of January, 1929, all three appellants filed petitions before the court that took the pleas, setting out, among other things, that they had entered the plea of guilty under a misapprehension of the facts, not understanding that they were pleading guilty to offenses for which they could be confined in the penitentiary, and that they had been induced to enter the said pleas of guilty by misrepresentations as to the punishment that would be given them. Fogus alleged in his petition that he had been induced by a deputy United States marshal, by misrepresentations, to enter the plea of guilty. Fink and Jack also represented that they had been induced to plead guilty by false misrepresentations made by another deputy United States marshal.

The petitions prayed that the judgments against the defendants be set aside and that they be permitted to withdraw their pleas of guilty and enter pleas of not guilty.

On January 12, a hearing was had on the petitions by the judge below, and evidence taken. The petitioners themselves testified, as well as the two deputy marshals charged with inducing them to plead guilty by misrepresentations. A number of other witnesses were heard. At the conclusion of the hearing, the learned judge below found as a fact that the petitioners, at the time they entered their pleas of guilty, were fully informed of the charges against them, and of the possible consequences of their pleas as to punishment by imprisonment in the penitentiary. The judge also found as a fact that the defendants were not induced by misrepresentations to plead guilty, and denied the prayer of the petitions.

While the facts in the two cases were somewhat different, the questions of law involved in both cases are the same, and they are here considered together.

In the case of Nicely v. Butcher, 81 W. Va. 247, 94 S. E. 147, the Supreme Court of West Virignia said: "Before receiving a plea of guilty in a criminal case, the court should see that it is made by a person of competent intelligence, freely and voluntarily, and with a full understanding of its nature and effect, and of the facts on which it is founded."

We think this correctly states the rule, and at the conclusion of the hearing on the petitions, the judge below held that this rule had been strictly complied with. An examination of the evidence in the record leads us to the conclusion that this finding was correct. It is not necessary to quote authorities to the effect that a motion of this character addresses itself to the discretion of the trial judge, before whom the pleas were entered, and that in the absence of an abuse of that discretion the appellate court will not interfere.

Under the facts proven in this case, where the application to withdraw the plea of guilty was made almost two months after the plea was entered and the defendants placed in the custody of the marshal, and where the defendants were fully advised as to the consequences following the act of pleading guilty, and where the evidence and the statement of the judge below clearly show that they had every opportunity for a trial at the time of their arraignment, it seems clear to us that the action of the trial judge in denying the prayer of the petitions should be affirmed.

At the time of the arguments of these cases before this court, motions were made by counsel representing two of the defendants, Fogus and Jack, that they be enlarged upon bond pending further proceedings in this court. In view of our conclusion with regard to these cases, these motions are denied.

Affirmed.