**UNITED STATES of America,**
**Appellee,**

v.

**Charles Allen MATTHEWS, Appellant.**

**No. 72-2036.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 8, 1973.

Decided Feb. 6, 1973.

Stewart C. Economou, Alexandria, Va.
[Court-appointed counsel] (Evans &

Economou, Alexandria, Va., on brief), for appellant.

Frank W. Dunham, Jr., Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before CRAVEN, BUTZNER and RUSSELL, Circuit Judges.

CRAVEN, Circuit Judge:

Charles Allen Matthews appeals from judgment and sentence committing him to imprisonment of eight years on his plea of guilty to the lesser offense of bank larceny after having been indicted for armed bank robbery and larceny of an automobile. The plea of guilty and the judgment of conviction and sentence were the result of entirely proper and fully disclosed plea bargaining in the district court. Even so, Matthews attempted to preserve on appeal his objection to the court's refusal to permit him to personally select a psychiatrist appointed pursuant to 18 U.S.C. § 3006A (e).[1]

 We think the district court correctly refused to permit the entry of a conditional guilty plea, *i. e.,* subject to the right to present on appeal the alleged error. We hold that the guilty plea was entered intelligently, voluntarily, and with an understanding of the direct consequences of the plea, and that such a plea swallows up errors such as that complained of here. *See* Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

 Matthews asked the district court to appoint Dr. Whyte to examine him for purposes of his defense. The United States Attorney offered no objection. Even so, without explanation, the district judge declined to appoint Dr. Whyte, and called upon the United

States Attorney to offer employment to either of two other psychiatrists whose names were suggested by the district judge. When it appeared that neither could or would accept employment, the Assistant United States Attorney telephoned Dr. Fram, who agreed to serve. It is not suggested that Dr. Fram was incompetent or even uncooperative with defense counsel. ' If it were otherwise, we would have a very different case.

We strongly disapprove of the procedure. Under no circumstances should the office of United States Attorney, inherently adversary to a criminal defendant, be allowed to serve as an arm of the court in the selective process. Were this an appeal from conviction on a plea of not guilty, we would be compelled to reverse.

 By a way of guidance to the district judges, we suggest that ordinarily the appointment of a psychiatrist under 18 U.S.C. § 3006A should be with the advice and approval of counsel for the particular defendant. Unless some reason affirmatively appears, and is reflected in the record, we think that the psychiatrist preferred by the defendant should be selected by the court. *See* United States v. Schappel, 445 F.2d 716 (D.C. Cir. 1971); United States v. Taylor, 437 F.2d 371 (4th Cir. 1971). We do not hold that the district judge must *always* appoint a psychiatrist chosen by a defendant, but we think he should ordinarily do so. We assume, of course, that if the psychiatrist of defendant's choice is appointed by the court, that the court will also require the defendant to submit to examination by a psychiatrist of the government's choice. If the district judge, for sufficient reason, prefers to participate in the selection process, it would ordinarily be within his

1. 18 U.S.C. § 3006A(e)(1) (1970) provides:

Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for an adequate defense may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte

proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

discretion to require the defendant to nominate two or three doctors from whom the judge may then appoint one —assuming multiple availability of psychiatrists in a given division.

■ Nothing we have said is meant to foreclose the possibility, too rarely implemented, of the government and the defendant agreeing on one medical witness. Indeed, the avoidance of multiple expert witnesses is a preferred solution but one that can be achieved only by genuine consent.

Affirmed.