**UNITED STATES of America,
Appellee,**

**v.**

**Walid WARWAR, Defendant,
Appellant.**

**No. 72–1215.**

United States Court of Appeals,
First Circuit.

Submitted Feb. 5, 1973.

Decided March 20, 1973.

Santos P. Amadeo, Rio Piederas, P. R., and Jose Enrique Amadeo (Ex Subsecretary of Justice of Puerto Rico, Rio Piedras, P. R.), on brief, for appellant.

Julio Morales Sanchez, U. S. Atty., and Jorge Rios Torres, Asst. U. S. Atty., on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Appellant Walid Warwar entered a plea of guilty to charges of violating certain federal narcotics laws after his pretrial motion challenging the jury selection process in Puerto Rico had been denied. Before this plea was accepted, appellant's attorney informed the district court that it was being made upon an understanding with the prosecution that appellant would be "permitted to appeal constitutional grounds as to the selection of the jury." The court briefly expressed its assent to this arrangement and, after conducting an inquiry as to the voluntariness of appellant's plea, entered a judgment of conviction against him.

Following the imposition of sentence, appellant made a motion for bail pending appeal which was denied, D.C., 57 F.R.D. 645. Since this request for bail alleged that appellant's plea had not been voluntarily and intelligently entered, the court properly treated it as a motion to vacate a guilty plea based on noncompliance with Rule 11 of the Federal Rules of Criminal Procedure. Warwar's appeal is apparently from the denial of this motion.

We agree that Rule 11 was not complied with in the present case. That Rule provides that a district judge may not accept a plea of guilty "without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge *and the consequences of the plea*" (emphasis added). It is, of course, settled that the Rule does not require the district court to inform the defendant of all collateral legal consequences of his plea, *see, e. g.,* United States v. Washington, 341 F.2d 277 (3rd Cir.), cert. denied, 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89 (1965), or of the defenses which might be available to him were he to go to trial. *See, e. g.,* Flores v. United States, 337 F.Supp. 45 (D.C. P.R.1971). However, when it affirmatively appears that the defendant may be under a misapprehension as to the effect of a guilty plea upon the preservation of any of his rights, it becomes the duty of the court to take appropriate corrective action. *Cf.* Smith v. United States, 400 F.2d 860 (6th Cir. 1968). In the present case, the court should have informed the appellant that, by pleading guilty, he might be waiving a

claim which he apparently intended to preserve, notwithstanding any purported stipulation to the contrary.[1]

 Noncompliance with Rule 11 normally requires that the defendant's guilty plea be set aside and his case remanded for a hearing at which he may plead anew. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1968). In the present case, however, we decline to upset appellant's conviction, since the only prejudice which he could have incurred from the court's oversight was the waiver of a claim which is patently without merit. Appellant's "constitutional" challenge to the jury selection process was based on the fact that persons from eighteen to twenty-one years of age were not included in the pool from which the jury panel was drawn. The relevant facts are as follows. Trial in appellant's case was scheduled to be held on May 16, 1972. Approximately one month earlier, Congress had amended 28 U.S.C. § 1865 to lower the minimum age requirement for service on federal juries from twenty-one to eighteen years. Pub.L.No.92–269 (April 6, 1972). According to § 3(b) of that statute, however, the district of Puerto Rico was required to refill its master jury wheels from sources including the names of persons eighteen years of age or older only as of September 1, 1973. Thus, any absence of eighteen year olds from the jury pool is more than adequately explained by the Jury Commissioners' adherence to a reasonable age qualification which had been in force until just before appellant's trial.

In view of these facts, which are very similar to those in Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), nothing even approaching a constitutional violation was made out. *See* United States v. Ross, 468 F.2d 1213, 1215 (9th Cir. 1972), petition for cert. filed, 41 U.S.L.W. 3434 (U.S., Feb. 13, 1973) (No. 72–860); *see generally* United States v. Butera, 420 F.2d 564 (1st Cir. 1970).

Affirmed.

may plead guilty to the charges against him while preserving an issue for appeal by stipulation with the United States Attorney and the court. *See* United States v. Doyle, 348 F.2d 715, 718–719 (2d Cir.), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965). In the context of the present case, we express no view as to either of these matters.

---

1. We cannot say whether, under the circumstances of this case, appellant's guilty plea would have precluded him from attacking the jury selection process on appeal. First, the decisions in this circuit do not clearly reveal whether claims of this nature are waived by a guilty plea. *See* United States v. Karger, 439 F.2d 1108 (1st Cir.), cert. denied, 403 U.S. 919, 91 S.Ct. 2230, 29 L.Ed.2d 696 (1971); United States v. DeCosta, 435 F.2d 630 (1st Cir. 1970). Furthermore, we note that the Second Circuit has approved a procedure whereby a defendant