UNITED STATES of America, Plaintiff-Appellee,

v.

Thomas SWANN, a/k/a Joseph M. Gilbert, Defendant-Appellant.

No. 77–5499.

United States Court of Appeals, Fifth Circuit.

June 14, 1978.

---

Alvin M. Binder, Jackson, Miss., Ray Sandstrom, Fred Haddad, Fort Lauderdale, Fla., for defendant-appellant.

Robert E. Hauberg, U. S. Atty., James B. Tucker, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before, SKELTON *, Senior Judge, and FAY and RUBIN, Circuit Judges.

* Senior Judge of the United States Court of Claims, sitting by designation.

ALVIN B. RUBIN, Circuit Judge:

The defendant seeks to appeal what was in effect a conditional plea of *nolo contendere* in which he reserved his right to overturn his plea by appealing the trial court's earlier unfavorable ruling on a motion to suppress. Because the defendant may not attach such conditions to a confessional plea, we must vacate the plea and remand the case to permit the defendant to plead anew without reaching the issue sought to be raised on the motion to suppress. This futile round trip to the Court of Appeals results from the absence of any statute or rule permitting such a procedure, the inherent nature of a *nolo contendere* plea under present law, and the prior decisions of this court reaching an identical conclusion.

The defendant pleaded guilty to a state indictment for possession of marihuana with intent to deliver, and thereafter was indicted in federal court for conspiracy to import marihuana (Count I), and for conspiracy to distribute and possess with intent to distribute marihuana (Count II), in violation of 21 U.S.C. §§ 952(a), 963, 841(a)(1), and 846. He filed a motion to suppress certain evidence, and a motion to dismiss the indictment on the ground the government had violated "the Petite policy," *see Petite v. United States*, 1960, 361 U.S. 529, 530, 80 S.Ct. 450, 451, 4 L.Ed.2d 490. After the motions were denied, he pleaded *nolo contendere* to both counts with leave to appeal the rulings on the motions to dismiss and to suppress. He now seeks to appeal the court's rulings on the motions.

Able scholars have commented on the problem raised if a defendant wishes to protest the court's ruling on a critical motion, such as one to suppress evidence essential to conviction, yet is willing to plead guilty or *nolo contendere* if the ruling is correct. *See*, for example, Wright and Miller, Federal Practice and Procedure, § 175, which recommends that a procedure be adopted by statute or rulemaking power whereby a defendant could have review of his constitutional claims without going to trial. Other circuits have not considered a guilty plea to be an invariable bar to appeal of earlier rulings. *See United States v. Warwar*, 1 Cir. 1973, 478 F.2d 1183; *United States v. Burke*, 2 Cir. 1975, 517 F.2d 377, 379; *United States v. Doyle*, 2 Cir. 1965, 348 F.2d 715, 719, *cert. denied*, 1965, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84; *United States v. Cox*, 6 Cir. 1972, 464 F.2d 937, where the court commented on the inconsistency between a voluntary plea of guilty and an appeal, but went on to consider the appeal; *United States v. Brown*, 7 Cir. 1974, 499 F.2d 829, *cert. denied*, 1974, 419 U.S. 1047, 95 S.Ct. 619, 42 L.Ed.2d 640; *United States v. Kondos*, 7 Cir. 1975, 509 F.2d 1147, and *Coleman v. Burnett*, 1973, 155 U.S.App. D.C. 302, 477 F.2d 1187.

Thus, the trend in other circuits seems to be toward considering the merits of conditional confessional pleas, but this may be because the circuits are still proceeding on a case by case basis. These courts do not appear truly to have grappled with the issue of how a plea can be voluntary, intelligent, and in compliance with Rule 11, F.R. Cr.P., if it is made with leave to appeal. A defendant cannot know the real consequences of his plea, and cannot make an intelligent and voluntary plea, in legal terms, when he is still relying on an appeal to escape the consequences of his plea. At any rate, it appears inappropriate for courts, absent statute or further rulemaking, to establish a practice of accepting conditional pleas by decisional fiat. *See* Wright and Miller, *op. cit. supra.*

In *United States v. Sepe*, 5 Cir. 1973, 486 F.2d 1044, this court *en banc* disapproved the acceptance of pleas of guilty or *nolo contendere* conditioned on the right to appeal on non-jurisdictional grounds. In *United States v. Fernandez*, 5 Cir. 1977, 556 F.2d 1246, *cert. denied*, —— U.S. ——, 98 S.Ct. 1575, 55 L.Ed.2d 800 (1978), which was an appeal of the court's ruling on motions after a guilty plea, we emphasized the policy of *Sepe* but nevertheless disposed of the case on the merits, "in light of the isolated incidence of this violation and the substantial expenditure of effort." 556 F.2d at 1247. The ad hoc method of disposi-

tion in *Fernandez*, while equitable, cannot provide a rule of decision. It is evident that the problem is recurrent, and we must, therefore, adhere to *Sepe's* mandate. In *United States v. Hill*, 5 Cir. 1977, 564 F.2d 1179, we vacated a judgment of guilty from a conditional plea, based on the reasoning in *Sepe*, that a guilty plea coupled with an argument to appeal on nonjurisdictional grounds is not voluntary.

Moreover, after this case was argued, another panel of this court said in *United States v. Lopez*, 5 Cir. 1978, 571 F.2d 1345, after referring to the holding in *Sepe, supra* :

> The Court has found it necessary to reiterate this expression of disapproval on several recent occasions. *See, e. g., United States v. Halfacre*, 566 F.2d 534 (5th Cir. 1978); *United States v. Hill*, 564 F.2d 1179 (5th Cir. 1977); *United States v. Fernandez*, 556 F.2d 1246 (5th Cir. 1977); *United States v. Mizell*, 488 F.2d 97 (5th Cir. 1973). We can no longer view violations of the *Sepe* policy as isolated incidents. *Cf. Fernandez, supra*, 556 F.2d at 1247. We repeat our earlier admonition: prosecutors and district courts are once again reminded of our statement in *Sepe* ; the district courts are directed to cease receiving guilty or *nolo contendere* pleas coupled with agreements that the defendant may nevertheless appeal on nonjurisdictional grounds.

If the *Sepe* doctrine is ill considered, the argument to undo it must be addressed to the court *en banc* for we are bound by *Sepe* and its successors.

Swann's plea was clearly conditional. It is, therefore, necessary that it be vacated. The record indicates that, unfortunately, the problem was not called to the attention of the trial judge. Had counsel studied the matter and, as their duty to the court requires, pointed out the problem, it would have been unnecessary for them to carry expensive owls to Athens.

 For these reasons, the judgment entered on the plea of *nolo contendere* is vacated. The appellant may withdraw his plea, which had been based on a condition that could not be fulfilled, and may plead anew.

VACATED and REMANDED.