**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Julius Carroll ROBERTSON,
Defendant-Appellant.**

No. 81–2117.

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 1983.

Henry Hoppe, III, Slidell, La., for defendant-appellant.

Dane Smith, Asst. U.S. Atty., Tyler, Tex., for plaintiff-appellee.

Before WISDOM, RANDALL and TATE, Circuit Judges.

WISDOM, Circuit Judge:

The questions this appeal raises are whether a stipulation admitting the essential facts of a criminal offense should be treated as equivalent to a guilty plea and whether the stipulation coupled with a reservation of nonjurisdictional defenses in a motion to dismiss should be treated as equivalent to a conditional plea of guilty, not tolerated in this circuit.[1] We hold that in the absence of prosecutorial coercion or cajolery the stipulation was equivalent to in-court testimony in a trial, that the defendant, represented by counsel, never intended the stipulation to have the consequences of a guilty plea, and that in the circumstances of this case the defendant was not entitled to the protections of Fed.R. Crim.P. 11.

## I.

Julius C. Robertson, the defendant, was indicted for escape from custody in violation of 18 U.S.C. § 751(a). On February 17, 1981, accompanied by his court-appointed attorney, Robertson entered a plea of guilty. After informing the defendant of his rights, the court accepted the plea, and set sentencing for March 2. On that date

---

1. See, e.g., United States v. Swann, 5 Cir.1979, 574 F.2d 1316; United States v. Sepe, 5 Cir., 474 F.2d 784, aff'd on rehearing, 1973, 486 F.2d 1045. The "jurisdictional" exception to the general rule against appeals from guilty pleas refers to challenges that question the authority of the government to bring the charges. Thus, a defendant who has pleaded guilty may still contend that the indictment or information failed to state an offense, that the statute under which he was charged is unconstitutional, or that the prosecution is barred by double jeopardy. 1 C. Wright, Federal Practice and Procedure: Criminal 2d § 175 (1982).

Robertson appeared in court, and asked for leave to withdraw his plea. The district court allowed him to do so and to enter a plea of not guilty. The court set the case for trial before a jury on March 9 and at the request of the defendant appointed new counsel to represent the defendant in the trial of his case. On March 6, counsel for Robertson filed a motion to dismiss the indictment asserting the nonjurisdictional defenses that (1) he was deprived of a speedy trial, (2) the indictment was defective for failure of the grand jury foreman to sign it, and (3) he was not taken before a magistrate until 71 days after his arrest.

March 9, the date of trial, in open court Robertson and his counsel stated that they wished to waive a jury and try this case on stipulated facts. The trial judge asked: "Is that correct? In other words, you don't want to put on any evidence other than what you give me in the way of stipulated facts?" Then he added: "I don't see why you couldn't do that because this is going down to a law question." Notwithstanding the stipulation, defendant's counsel called a witness to the stand and examined him.

The trial court ordered the waiver of a jury and stipulation filed, and denied the motion to dismiss. The stipulation, in full, reads as follows:

1) That the said JULIUS CARROLL ROBERTSON, named in the indictment herein is one and the same person as the JULIUS CARROLL ROBERTSON stipulating the facts contained herein.

2) That on or about the 13th day of November, 1980, JULIUS CARROLL ROBERTSON, having been lawfully committed to the custody of the Attorney General of the United States by virtue of a United States District Court was lawfully incarcerated at the Federal Correctional Institution, Texarkana, Texas.

3) That on or about the said date, the 13th day of November, 1980, JULIUS CARROLL ROBERTSON unlawfully and willfully escaped from such custody at the Federal Correctional Institution, in Texarkana, Bowie County, Texas.

March 23, 1981, the defendant appeared with his attorney and reiterated his plea of not guilty. The trial court entered a memorandum order finding Robertson guilty and imposed a sentence of six months to run consecutively with the sentence he was serving.

There was no doubt in the defendant's mind as to the nature of his plea or as to whether he had a trial. When the district court asked if he had anything to say before the court imposed sentence, he answered: "Yes, sir, I do. I hope the Court isn't angry because I didn't plead guilty."

■ Robertson changed attorneys and appealed. On appeal, his new court-appointed attorney did not brief or argue the issues which were the bases for the decision to change the plea of guilty and go to trial on a not guilty plea. Of course, had his counsel argued these issues, it would have been apparent that the stipulation could not be treated as the equivalent of a guilty plea. A guilty plea is "itself a conviction; nothing remains but to give judgment to determine punishment". *Boykin v. Alabama,* 1969, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–1712, 23 L.Ed.2d 274.

In oral argument before this Court counsel for Robertson said that he abandoned the defenses asserted in the motion for summary judgment because they were meritless. The United States Attorney said that he was surprised and "shocked" by the defendant/appellant's brief. There is no doubt that the trial judge, the trial attorneys, and the defendant (for what his view is worth) all considered that the proceedings on March 9 were a trial on a plea of not guilty. The stipulation, as is evident from its brevity and the nature of the offense, was no great concession by the defendant. When a man is in prison and then unaccountably out of prison, no exceptional legal talent is required to prove an escape. And in this case there is no evidence to suggest that the defendant was taken advantage of by prosecutorial coercion and cajolery. This case does not bear the slightest resemblance to *Johnson v. Zerbst,* 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 or to any progeny of *Johnson v. Zerbst.*

■ When the facts are as simple as they are here, and there is no reason to think that the prosecution has reached beyond the bounds of propriety in obtaining a stipulation, a stipulation should be encouraged in the interest of the parties and judicial economy. The stipulation here simply took the place of in-court testimony. In *United States v. Escandar,* 5 Cir.1972, 465 F.2d 438 this Court, in rejecting an argument that the testimony at trial was tantamount to a guilty plea, stated:

> When a defendant affectively represented by competent counsel, takes the stand to testify, he does so invariably as his own proffer of evidence. The act is voluntary, it is not solicited by the other side. And that fact distinguishes in-court testimony from custodial investigations *and guilty pleas.* (Emphasis ours).

Although *Escandar* specifically dealt with in-court testimony, the same reasoning applies to a trial based on untainted stipulated facts.

## II.

This Circuit's policy regarding conditional guilty pleas is stated in *United States v. Sepe,* 5 Cir., 474 F.2d 784, 789, *aff'd on rehearing,* 1973, 486 F.2d 1045. In *Sepe,* we reasoned:

> The defendants at bar had every right to and did in fact plead not guilty. After their motion to suppress was overruled they were confronted by one of the hard choices of which our criminal process is replete. . . . . They could go to trial on charges of armed robbery and put the government to its burden of proving their guilt, . . . or they were free to bargain with the prosecutor and offer to plead guilty to a reduced charge or be promised leniency. . . . Even with the consent of the prosecution, pleas of guilty cannot be accepted while the defendant reserves the right to appeal on nonjurisdictional grounds.

*Id.* at 789; *see United States v. Swann,* 5 Cir.1978, 574 F.2d 1316, 1317–18.

We must say that the rule announced in *Sepe* is not universally accepted. *See* Advisory Committee Note to Rule 11(a), Preliminary Draft of Proposed Amendments to the Federal Rules of Criminal Procedure for the United States District Courts, 1979, 85 F.R.D. 385, 388–89. Two other circuits have agreed that a conditional guilty plea is illogical and, therefore, improper. *See United States v. Brown,* 7 Cir., 499 F.2d 829, 832, *cert. denied sub nom. Prader v. United States,* 1974, 419 U.S. 1047, 95 S.Ct. 619, 42 L.Ed.2d 640; *United States v. Cox,* 6 Cir.1972, 464 F.2d 937, 945. Three circuits have refused to allow conditional guilty pleas because the federal rules do not expressly authorize them. *United States v. Benson,* 9 Cir.1978, 579 F.2d 508, 509–11; *United States v. Nooner,* 10 Cir.1977, 565 F.2d 633, 634; *United States v. Matthews,* 4 Cir.1973, 472 F.2d 1173, 1174. On the other hand, two circuits have expressly approved the entry of conditional guilty pleas. *United States v. Moskow,* 3 Cir.1978, 588 F.2d 882, 888–90; *United States v. Burke,* 2 Cir. 1975, 517 F.2d 377, 379. Two other circuits have recognized the potential advantages of allowing conditional guilty pleas but have failed to allow their use. *United States v. Clark,* 8 Cir., 459 F.2d 977, 978–79, *cert. denied,* 1972, 409 U.S. 880, 93 S.Ct. 209, 34 L.Ed.2d 135; *United States v. Dorsey,* D.C. Cir.1971, 449 F.2d 1104, 1108 n. 18. The First Circuit has reserved judgment on the issue. *United States v. Warwar,* 1 Cir.1973, 478 F.2d 1183, 1185 n. 1.

There is a great deal to be said in favor of conditional guilty pleas as a way of preserving nonjurisdictional objections without unnecessary, time-consuming trials, and influential commentators have voiced approval of such pleas. 1 C. Wright, Federal Practice and Procedure: Criminal § 175 (1982); ABA Standards Relating to the Administration of Criminal Justice 21–1.3 (2d ed. 1978); Comment, Conditioned Guilty Pleas: Post-Guilty Plea Appeal of Nonjurisdictional Issues, 1978, 26 U.C.L.A. L.Rev. 360; *cf.* Saltzburg, Pleas of Guilty and the Loss of Constitutional Rights: The Current Price of Pleading Guilty, 1978, 76 Mich.L. Rev. 1265. Indeed, an amendment to Rule 11 is currently pending in the Supreme

Court. The amendment would expressly allow conditional guilty pleas.[2]

■ We do not, however, write upon a clean slate. *Sepe* firmly establishes the policy of the Fifth Circuit disallowing conditional guilty pleas. Extension of the Fifth Circuit rule into the not guilty plea/stipulated facts situation, however, would be an extension of the *Sepe* doctrine. By equating certain not guilty pleas with the pleas expressly covered by *Sepe,* we would require district courts to make the difficult determination of where to draw the line between not guilty pleas that should be treated as guilty pleas and those not guilty pleas that have no special significance. Furthermore, an extension of *Sepe* to the type of fact situation in this case would deprive district courts of a device through which they can allow a defendant to preserve issues for appeal without long and often fruitless trials. *Sepe* does not require that result. *Accord United States v. Foundas,* 5 Cir.1980, 610 F.2d 298, 302.

### III.

Robertson contends on appeal that the stipulation should be treated as having the same effect as a guilty plea, entitling him to the Rule 11 protections. To determine whether Robertson was deprived of constitutionally required protections, we must examine the policy reasons behind the *Rule 11* protections for guilty and *nolo contendere* pleas.

■ The courts have recognized for many years that guilty pleas warrant special treatment. *Brady v. United States,* 1970, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747, 756; *see Fogus v. United States,* 4 Cir.1929, 34 F.2d 97. Special scrutiny of guilty pleas resulted from a judicial recognition of the serious nature and dire consequences of the defendant's act. The guilty plea represents not only an admission of guilt but also a waiver of various rights that the accused possesses. *Boykin v. Alabama,* 1969, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279–80. A defendant who pleads guilty waives his Fifth Amendment right against compulsory self-incrimination, his Sixth Amendment right to a jury trial, and his Sixth Amendment right to confront adverse witnesses. *Id.; United States v. Escandar,* 5 Cir.1972, 465 F.2d 438, 441. As we have discussed, in this circuit a guilty plea also acts as a waiver of all nonjurisdictional defenses.

In addition to its serious consequences, the guilty plea also deserves scrutiny because it may result from bargaining between the prosecutor and the accused. The prosecutor may agree to move for dismissal of other charges, recommend a reduced sentence, agree to a specific lesser sentence, or promise leniency toward others in return for a defendant's guilty plea. *See* F.R. Crim.P. 11(e)(1). But plea bargaining may also further other interests.

> [Plea bargaining] leads to prompt and final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned.

*Santobello v. New York,* 1971, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427, 432, *see Bordenkircher v. Hayes,* 1978, 434 U.S. 357, 363–64, 98 S.Ct. 663, 668, 54 L.Ed.2d

---

**2.** The Judicial Conference circulated the amendments to Rule 11 for comment in November 1979 and, again in October 1981. As amended, Rule 11(a)(2) would read:

> Conditional pleas. With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

*See* Report of the Judicial Conference Committee on Rules of Practice and Procedure, Proposed Amendments to the Federal Rules of Criminal Procedure 13, Sept. 1982.

604, 610–11. Unfortunately, the significant advantages to be gained from having a defendant plead guilty exert pressure on an over-zealous prosecutor to wring involuntary guilty pleas from uninformed defendants. *See id.* at 264–66, 92 S.Ct. at 499–501, 30 L.Ed.2d at 434–35; McCoy & Mirra, Plea Bargaining as Due Process in Determining Guilt, 1980, 32 Stan.L.Rev. 887, 893–96.

█ Fed.R.Crim.P. 11 was designed to insure that guilty pleas are not tainted. As originally incorporated into the Federal Rules of Criminal Procedure, Rule 11 stated:

A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

To cope with the dangers that have accompanied the increased use of plea bargains in recent years, Rule 11 underwent major revisions in 1975. *See* Note, 1980, 66 Va.L.Rev. 1169, 1171. The purpose of the revisions was to guarantee that the defendant who pleads guilty or *nolo contendere* is informed of the consequences of his plea and to bring the arrangements surrounding the plea into the open. 1 C. Wright, Federal Practice and Procedure: Criminal 2nd § 171 (1982).

As it applies to guilty pleas, Rule 11 requires the trial court to inform the defendant of his rights, the nature of the charges against him, and the consequences of pleading guilty. F.R.Crim.P. 11(c). The court must also determine whether the plea is voluntary by inquiring into the defendant's state of mind and the terms of the agreement, if any, that induced the defendant to plead guilty. F.R.Crim.P. 11(d), (e).

Finally, the court must establish the accuracy of the plea by satisfying itself that the facts provide a sufficient basis for a finding that a defendant is indeed guilty. F.R. Crim.P. 11(f). Rule 11 also requires a verbatim record of all judicial proceedings related to the plea to facilitate appellate review of those proceedings. F.R.Crim.P. 11(g).

█ By its express terms, Rule 11 applies only to guilty or *nolo contendre* pleas. *See* F.R.Crim.P. 11(c), (d), (e), (f). The considerations that led to the formal procedures contained in Rule 11 are not equally applicable to the not guilty plea situation. The primary difference between the atmosphere surrounding a guilty plea and a not guilty plea is the absence of an officially sanctioned coercive element. A determination of the voluntariness of a guilty plea is necessary to insure that the plea has not resulted from coercion or from prosecutorial cajolery accompanied by apparent judicial participation and compliance in the bargaining process. *See* McCoy & Mirra, 32 Stan. L.Rev. at 900.[3] In the not guilty plea context, voluntariness, although still important, becomes less doubtful. A defendant's waiver of any constitutional right must be voluntary, but most waivers are not scrutinized with the special care required by Rule 11. *See Escandar,* 465 F.2d at 441; 1 C. Wright, Federal Practice and Procedure: Criminal § 171.1 (1982). The only situation in which the Federal Rules of Criminal Procedure authorize a prosecutor to bargain with a defendant is where a defendant agrees to plead guilty or *nolo contendere.* As a result, only in those two settings is the defendant's voluntariness subject to officially sanctioned coercion. Robertson does not contend that the prosecutor or the trial court judge made any express or implied promises to him in return for his inculpatory stipulations. Thus, absent any evidence of prosecutorial overreaching, Robertson's

---

**3.** The trial court may not participate in plea bargaining discussions, F.R.Crim.P. 11(e)(1), but if it accepts the plea agreement, the court must inform the defendant that it will abide by the disposition of the case agreed to by the prosecutor. F.R.Crim.P. 11(e)(3). For a discussion of the courts role in such situations, see Alschuler, *The Trial Judge's Role in Plea Bargaining, Part I,* 1976, 76 Colum.L.Rev. 1059.

voluntariness seems no more vulnerable than in any waiver of constitutional proportions.

The other consideration that prompted Rule 11 protections is that a guilty plea acts as a waiver of several important constitutional rights. Although a not guilty plea accompanied by a stipulation of critical facts may be a *de facto* waiver of important fifth and sixth amendment rights, the record of Robertson's trial indicates that the course he pursued resulted in the waiver of fewer constitutional rights than if he had pleaded guilty. Furthermore, the record indicates that any waivers on Robertson's part resulted from voluntary and knowing decisions.

The stipulation of all the facts necessary for his conviction, without a doubt, constitutes self-incrimination. But Robertson entered into the stipulations on advice of counsel. Robertson's counsel stated in open court that he intended to stipulate the facts necessary to show each of the elements of the crime charged. Robertson had ample opportunity during the trial to protest the procedure if he disagreed with it. Finally, Robertson has made no allegation that he was under any compulsion to make the challenged stipulations or that he had ineffective assistance of counsel. *See Estelle v. Williams,* 1976, 425 U.S. 501, 508 n.3, 96 S.Ct. 1691, 1695 n. 3, 48 L.Ed.2d 126, 133 n. 3; *United States v. Ferreboeuf,* 9 Cir.1980, 632 F.2d 832, 836, *cert. denied,* 1981, 450 U.S. 934, 101 S.Ct. 1398, 67 L.Ed.2d 368; *cf. United States ex rel. Ross v. Franzen,* 7 Cir.1982, 668 F.2d 933, 941.

In a similar vein, Robertson does not contend that his waiver of his right to a jury trial was unknowing or involuntary. Robertson himself stated in court that he did not want a jury.[4] He signed a written waiver of his right to a jury stating that he

had been advised of the nature of the charges against him and his right to a jury trial.

Robertson did not waive his right to confront the witnesses presented against him. The only witness who testified in the trial was the United States Deputy who had taken custody of Robertson following his apprehension by the police in Montgomery, Alabama. Robertson's counsel questioned the deputy on direct examination. The government asked no questions on cross-examination. We must assume that had Robertson known of any witnesses who might have testified in his favor he would have called them.

Finally, it is essential to note that Robertson did not waive his right to challenge any nonjurisdictional defects in the proceedings at trial. Indeed, the most significant incentive for Robertson's not guilty plea was to keep alive his right to appeal the trial court's denial of his motion to dismiss.

█ We hold that the facts of this case do not warrant equal treatment of guilty pleas and not guilty pleas coupled with an inculpatory stipulation of facts. Our holding that Robertson was not entitled to Rule 11 protections is consistent with the holdings of other circuit courts. *See Witherspoon v. United States,* 6 Cir.1980, 633 F.2d 1247, 1252, *cert. denied,* 1981, 450 U.S. 933, 101 S.Ct. 1396; 67 L.Ed.2d 367; *United States v. Strother,* D.C.Cir.1978, 578 F.2d 397, 404–05; *United States v. Terrack,* 9 Cir.1975, 515 F.2d 558, 560; *cf. United States v. Wray,* 8 Cir.1979, 608 F.2d 722, 724, *cert. denied,* 1980, 444 U.S. 1048, 100 S.Ct. 739, 62 L.Ed.2d 735.

### IV.

In short, the last thing Robertson wanted to do was to plead guilty. Regardless of

---

4. The colloquy between the trial judge, Robertson, and his counsel regarding Robertson's right to a jury trial was:

  The Court: ... What do you want? A Jury, a non-Jury or what? I've heard something about—

Mr. Stérle [Robertson's counsel]: (Interupting) We are not requesting a Jury, Your Honor.

The Court: Are you going to waive a Jury?

Mr. Sterle: Yes, sir.

The Court: (To the Defendant) Is that what you want to do?

Defendant Robertson: Yes, sir.

how wrong he was on the law with respect to the defenses put forth in his motion to dismiss, he wanted to urge those defenses on appeal. He could not do so by pleading guilty. That does not mean he pleaded guilty conditionally. It means that he admitted facts which he could not dispute. But he was insistent that, as a matter of law, he was not guilty. We can conceive of instances when a defendant should have the protections of Rule 11 to guard against an improvident stipulation, one that might have been extracted by prosecutorial coercion or cajolery. But this is not that case. He and his trial lawyer pursued a calculated tactic of pleading not guilty, intending to re-urge on appeal the issues raised in the motion to dismiss. That is what this case is all about. Then, after sentencing, a more skillful and better informed lawyer than the lawyers earlier appointed came up with an idea foreign to the thinking of Robertson and his other lawyers, a notion that could result, at best, only in an exercise in futility, to say nothing of the unnecessary expenditure of administration-time, lawyer-time, and judge-time.

We have not considered the merits of the defendant's legal defenses asserted in his motion to dismiss, but let us suppose that the motion was sound or at least had sufficient facial soundness to justify our consideration of the issues raised in the motion. It is inconceivable that the Court would vacate the defendant's conviction and remand the case to the district court to allow the defendant to withdraw his stipulation enabling him then to take the highly unlikely action of pleading guilty. On the facts, he had no defense. On the law, his tactical maneuver gave him a chance to preserve his defenses. Moreover, and importantly, the stipulation was almost certain to weigh in his favor at sentencing. The tactic was successful. It is a fair inference that the trial judge did consider Robertson's cooperation in cutting short an unnecessary trial. Without that cooperation the defendant might have received a fine of $5,000 and a sentence of five years imprisonment. Instead, he received a sentence of six months to run consecutively with the sentence he was then serving. And he was released on bail.

We hold that a plea of not guilty by a defendant represented by counsel, even coupled with an inculpatory stipulation, is a plea of not guilty, and absent evidence of any prosecutorial overreaching, the defendant is not entitled to the protections of Rule 11.

The judgment is AFFIRMED.

RANDALL, Circuit Judge, specially concurring:

I concur both in the result reached by the panel and in Judge Wisdom's excellent opinion. I write separately to note one misgiving that I have about that result. It seems to me that, in functional terms and viewed from the standpoint of the court of appeals, there is no meaningful difference between a guilty plea, contingent upon the defendant's right to appeal his non-jurisdictional defenses, and a not guilty plea, accompanied by a stipulation as to the facts charged in the indictment, all for the purpose of preserving the defendant's right to appeal his non-jurisdictional defenses. Both appellants stand before us having admitted the facts necessary to convict, arguing only that their convictions should be reversed because of non-jurisdictional defects.

*Sepe,* however, seems to rest on the logical inconsistency between allowing a defendant to plead guilty and thereby to agree that the state may lawfully convict him, and at the same time agreeing that he may assert on appeal non-jurisdictional defenses that would invalidate his conviction. Obviously the same logical inconsistency does not exist where the defendant pleads not guilty (precisely because he thinks that his non-jurisdictional defenses are valid bars to his conviction) and stipulates to the factual allegations in the indictment.

It seems to me that the inevitable result of *Sepe*'s prohibition of conditional guilty pleas is the scenario we have here—a plea of not guilty, accompanied by a stipulation as to the facts necessary to convict. Were

we to focus on the functional similarity between that procedure and a conditional guilty plea, and to extend *Sepe* to cover this situation, the inevitable result of this case would be, as Judge Wisdom points out, not guilty pleas, accompanied by meaningless and unnecessary trials. In view of the undesirability of that result and because I think that the rationale underlying *Sepe* is not applicable to a case in which the defendant pleads not guilty, I agree with the majority that *Sepe* should not be extended to this case.