**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

RAFAEL P. RUIZ, a/k/a Pedro P.
Ruiz, a/k/a Rafa,

*Defendant-Appellant.*

No. 02-4000

Appeal from the United States District Court
for the District of South Carolina, at Beaufort.
Solomon J. Blatt, Jr., Senior District Judge.
(CR-00-707)

Submitted: October 17, 2002

Decided: December 3, 2002

Before WIDENER, WILKINS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Capers G. Barr, III, BARR, UNGER & MCINTOSH, L.L.C.,
Charleston, South Carolina, for Appellant. J. Strom Thurmond, Jr.,
United States Attorney, Robert H. Bickerton, Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Rafael P. Ruiz appeals the district court's order sentencing him to seventy months imprisonment following his guilty pleas to possession with the intent to distribute cocaine and conspiracy in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). In his appeal, filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel for Ruiz claims that the district court erred by failing to inquire whether Ruiz understood and acquiesced to his counsel's withdrawal of objections to the presentence report. In his pro se supplemental brief, Ruiz also claims that the district court erred by applying a two-point enhancement pursuant to *U.S. Sentencing Guidelines Manual* § 3B1.1(c) (2000). Neither of these claims were preserved in the district court. Accordingly, they are reviewed for plain error. *United States v. Ford*, 88 F.3d 1350, 1355 (4th Cir. 1996).

Through counsel, Ruiz first suggests that the district court erred by failing to apply the protections of Fed. R. Crim. P. 11, to his counsel's decision to withdraw objections regarding the application of § 3B1.1(c). Courts have routinely declined to apply the protections of Rule 11 beyond the scope of matters amounting to a guilty plea. *See United States v. Robertson*, 698 F.2d 703, 709 (5th Cir. 1983) (holding that inculpatory admission of facts does not require Rule 11 hearing). We also note, as the Government argued in its brief, that acceptance of this argument would open nearly any tactical decision of an attorney to review in order to determine whether the client acquiesced. Such practice is untenable. Accordingly, it was not plain error for the district court to allow counsel to withdraw the objection without addressing Ruiz personally.

Ruiz next claims that the district court erred in its assignment of a two-point enhancement for his role as an organizer, leader, manager, or supervisor of a criminal activity. *See* USSG § 3B1.1(c). Our

review of the record supports the district court's conclusion to apply the enhancement. Ruiz coordinated with an informant to arrange a date, time, and location to meet. Ruiz negotiated the purchase price of multiple kilograms of cocaine for himself and others. He arranged the date and location of the deal itself and arranged for the transport of the other involved conspirators. Consequently, it was not plain error for the district court to assign the two-point enhancement.

Finding no meritorious issues upon our review of the record pursuant to *Anders*, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*