United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51337
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

STEVEN DALE SHANKLIN,

                              Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-64-ALL
--------------------

Before DAVIS, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:*

     Steven Dale Shanklin appeals his guilty-plea conviction and

sentence for tax evasion.  He has filed a motion for release

pending appeal and a motion for expedited consideration of his

motion for release pending appeal.

     Shanklin argues that the district court abused its

discretion by denying his motion to withdraw guilty plea.  For

the first time in his reply brief, he maintains that the district

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred by allowing him less than two minutes to present argument in support of his motion to withdraw guilty plea.

Shanklin did not unequivocally assert his innocence when arguing his motion to withdraw guilty plea and, at rearraignment, Shanklin unequivocally admitted, under oath, that he was guilty and that his plea was knowing and voluntary. See United States v. Lampazianie, 251 F.3d 519, 524 (5th Cir. 2001) (citation omitted) (strong presumption of validity to declarations under oath in open court). Additionally, Shanklin waited until the day of the second sentencing hearing, more than four months after the entry of his guilty plea, to move to withdraw the guilty plea. See United States v. Grant, 117 F.3d 788, 790 (5th Cir. 1997) (withdrawal of guilty plea at sentencing inconveniences court and wastes judicial resources). Given the totality of the circumstances, Shanklin has not shown that the district court abused its discretion by denying his motion to withdraw guilty plea.[**] See United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003).

For the first time on appeal, Shanklin argues that the district court plainly erred by denying his motion to withdraw guilty plea because he did not waive his right to a jury trial in writing as required by FED. R. CRIM. P. 23(a)(1). Because

---

[**] We do not consider Shanklin's assertion that he was not given enough time to present argument in support of his motion to withdraw guilty plea because it was raised for the first time in his reply brief. See United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

Shanklin did not raise this issue below, we review for plain error.  See United States v. Hull, 160 F.3d 265, 271 (5th Cir. 1998).  Shanklin's guilty plea waived his right to a trial by jury.  See United States v. Robertson, 698 F.2d 703, 707 (5th Cir. 1983).  Thus, Shanklin was not "entitled to a jury trial" and the requirement that a jury trial waiver be in writing was inapplicable.  See FED. R. CRIM. P. 23(a).  Accordingly, the district court did not commit error under FED. R. CRIM. P. 23(a), plain or otherwise, by denying Shanklin's motion to withdraw guilty plea.

For the first time on appeal, Shanklin argues that the district court plainly erred by denying his motion to withdraw guilty plea because his plea agreement contained a binding sentencing recommendation pursuant to FED. R. CRIM. P. 11(c)(1)(C) and the district court allegedly violated FED. R. CRIM. P. 11(c)(5)(B) by rejecting the agreement without allowing him the opportunity to withdraw his guilty plea.  Alternatively, Shanklin maintains that if the sentencing recommendation was non-binding pursuant to FED. R. CRIM. P. 11(c)(1)(B), the district court plainly erred by not advising him at rearraignment that he had no right to withdraw his guilty plea if it did not follow the recommendation as required by FED. R. CRIM. P. 11(c)(3)(B).

The stipulation between Shanklin and the Government regarding the total tax loss under U.S.S.G. §§ 2T1.1 and 2T4.1 specifically stated that it was not binding on the district

court.  Accordingly, the recommendation was a non-binding recommendation pursuant to FED. R. CRIM. P. 11(c)(1)(B).

At rearraignment, the district court did not advise Shanklin that he had no right to withdraw his guilty plea if it did not follow the recommendation in the plea agreement as required by FED. R. CRIM. P. 11(c)(3)(B).  Because Shanklin did not raise any objections during rearraignment, we review for plain error.  See United States v. Vonn, 535 U.S. 55, 59 (2002).  At rearraignment, the district court advised Shanklin that the Guidelines were advisory and that he could receive a sentence as high as the statutory maximum.  Furthermore, the plea agreement clearly stated that the recommendation was not binding.  Thus, the district court's error could not have materially affected his decision to plead guilty and was not plain error.  See United States v. Johnson, 1 F.3d 296, 302 (5th Cir. 1993) (en banc).

For the first time on appeal, Shanklin argues that the district court's denial of his motion to withdraw guilty plea violated his Fifth Amendment right to due process and his Sixth Amendment right to a jury trial.  We review this contention for plain error.  See Hull, 160 F.3d at 271.  The Fifth Amendment did not bar Shanklin's guilty plea, and Shanklin did not have an absolute right to withdraw his guilty plea.  See Brady v. United States, 397 U.S. 742, 753 (1970) (Fifth Amendment does not bar guilty pleas); Powell, 354 F.3d at 370 (no absolute right to withdraw guilty plea).  Shanklin's Sixth Amendment right to a

jury trial was waived by his guilty plea. See Robertson, 698 F.2d at 707.

Shanklin argues that the district court erred by denying his request to represent himself at sentencing. A criminal defendant has a Sixth Amendment right to represent himself as well as a statutory right. Faretta v. California, 422 U.S. 806, 819-34 (1975); 28 U.S.C. § 1654. The district court's ruling on Shanklin's self-representation request, however, was ambiguous, and the district court allowed Shanklin to conduct his own defense at sentencing. Shanklin's counsel remained present to consult with Shanklin if Shanklin requested and did not interject anything into Shanklin's defense against his will. At most, the district court required Shanklin's counsel to function as standby counsel against Shanklin's wishes, and this did not violate Shanklin's right to represent himself. See McKaskle v. Wiggins, 465 U.S. 168, 184 (1984).

Shanklin argues that he received ineffective assistance of counsel in the district court. Although Shanklin argued, in support of his motion to withdraw guilty plea and his request to represent himself, that his counsel had been ineffective, neither Shanklin nor his counsel testified under oath regarding Shanklin's ineffective-assistance allegations. Furthermore, the district court did not make any factual findings on the allegations. Because the record is not sufficiently developed for this court to consider Shanklin's ineffective assistance of

counsel claim, we deny the claim without prejudice to Shanklin's right to raise it in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. See United States v. Kizzee, 150 F.3d 497, 502-03 (5th Cir. 1998). We express no view on the merits of such a motion.

Shanklin raises numerous procedural and substantive challenges to his sentencing and the sentence imposed. Because Shanklin did not raise his procedural challenges below, we review for plain error. See United States v. Jones, 444 F.3d 430, 443 (5th Cir.), cert. denied, __ S. Ct. __, 2006 WL 1523778 (June 26, 2006) (No. 05-11153). Although the district court and the Government discussed the terms of the plea agreement at the first sentencing hearing, nothing in the record indicates that the district court misrepresented the terms of the plea agreement or held any incorrect views regarding those terms. While the district court speculated at the second sentencing hearing that Shanklin may have money hidden away, it specifically stated that this possibility did not factor into its sentencing decision. Shanklin does not indicate which disputed matters he asserts the district court did not rule upon at sentencing in violation of FED. R. CRIM. P. 32(i)(3)(B), and nothing in the record indicates that the district court did not rule upon all disputed matters. Accordingly, Shanklin has not shown that the district court committed error, plain or otherwise, for these reasons.

Contrary to Shanklin's assertion, FED. R. CRIM. P. 32(h) requires only that the parties receive reasonable notice that the court is considering a departure from the guidelines sentence range and the reason for the possible departure, not that written notice be provided. Although the district court did give notice that it was considering a sentence above the guidelines range at the first sentencing hearing, it arguably did not give notice of the specific grounds upon which it was considering imposing such a sentence. However, assuming arguendo that the district court violated FED. R. CRIM. P. 32(h), Shanklin has not shown that this constituted plain error because he has not demonstrated how the lack of sufficient notice prejudiced him or how he would have responded differently had he been given proper notice. See Jones, 444 F.3d at 443.

Shanklin's uncontested guidelines sentence range was 15-21 months of imprisonment and the district court made an upward deviation to the statutory maximum of 60 months of imprisonment pursuant to the discretion granted to it in United States v. Booker, 543 U.S. 220 (2005). The district court based its upward deviation on the following fact-specific reasons: Shanklin's intelligence and his deliberate ignorance regarding the payment of taxes; that Shanklin signed false withholding forms under penalty of perjury; Shanklin's failure to show remorse beyond the remorse about his pending incarceration; that Shanklin did not file tax returns in 2002, 2003, and 2004, even though he was

already under investigation for tax evasion; and that a sentence within the guidelines range would be insufficient deterrence given the amount of taxes Shanklin failed to pay. These factors were proper to consider as they related to "the nature and circumstances of the offense and the history and characteristics of the defendant," the seriousness of the offense, and the need to provide adequate deterrence. 18 U.S.C. § 3553(a)(1), (a)(2)(A), and (a)(2)(B); see also United States v. Smith, 440 F.3d 704, 709 (5th Cir. 2006).

While the district court did consider Shanklin's income, this was in the context of the amount of taxes Shanklin failed to pay and thus was consideration of Shanklin's offense, not impermissible consideration of Shanklin's socio-economic status, a prohibited factor under U.S.S.G. § 5H1.10. At worst, the district court's language was imprecise, and Shanklin has not shown that the district court's upward deviation was impermissibly based upon his socio-economic status. Cf. United States v. Humphrey, 104 F.3d 65, 71-72 (5th Cir. 1997) (commenting about amount of money defendants obtained by fraud and their inability to pay restitution did not clearly indicate that district court considered socio-economic status of defendants). Shanklin has not shown that the district court's decision to make an upward deviation from the guidelines range was unreasonable. See Smith, 440 F.3d at 709.

This court has recently noted that the extent of a deviation is "of no independent consequence." Id. at 709 n.5 (internal quotation marks omitted). Furthermore, given Shanklin's history and characteristics, the seriousness of his offense conduct, and the need for deterrence as found by the district court, the extent of the deviation was not unreasonable. See id. (collecting cases); United States v. Reinhart, 442 F.3d 857, 864 (5th Cir. 2006) (upward deviation from 151 months to 235 months is not presumptively unreasonable).

By rendering the Sentencing Guidelines advisory only, Booker eliminated the Sixth Amendment concerns that prohibited a sentencing judge from finding all facts relevant to sentencing. United States v. Johnson, 445 F.3d 793, 797-98 (5th Cir.), cert. denied, __ S. Ct. __, 2006 WL 1584471 (June 12, 2006) (No. 05-10908); Mares, 402 F.3d at 519. Thus, contrary to Shanklin's assertion, while the district court based Shanklin's sentence on facts not proven to a jury or admitted by Shanklin, this was not erroneous. See Johnson, 445 F.3d at 797-98.

Shanklin's ex post facto argument is without merit. The application of the Sentencing Guidelines as merely advisory does not violate the Ex Post Facto Clause, even if the offense conduct occurred prior to Booker. United States v. Scroggins, 411 F.3d 572, 575-76 (5th Cir. 2005); United States v. Austin, 432 F.3d 598, 599-600 (5th Cir. 2005).

Using <u>Rummel v. Estelle</u>, 445 U.S. 263 (1980), as a benchmark, Shanklin's sentence of 60 months of imprisonment for evading more than $400,000 in taxes was not "grossly disproportionate." <u>See</u> <u>United States v. Gonzales</u>, 121 F.3d 928, 943 (5th Cir. 1997). Thus, the sentence did not violate the Eighth Amendment's prohibition against cruel and unusual punishment. <u>See</u> <u>Smallwood v. Johnson</u>, 73 F.3d 1343, 1347 (5th Cir. 1996).

AFFIRMED; MOTION FOR RELEASE PENDING APPEAL DENIED AS MOOT; MOTION FOR EXPEDITED CONSIDERATION OF MOTION FOR RELEASE PENDING APPEAL DENIED AS MOOT.